UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ABDUR RASHID,**
                      **Plaintiff,**

**-vs-**                                                                        **Case No. 6:08-cv-1468-Orl-31GJK**

**BARR LABORATORIES, INC.,**
**CHARLIE DILIBERTI,**
**CHRISTINE MUNDKUR,**
                      **Defendants.**
_____

## ORDER

This matter comes before the Court on the Motion to Dismiss Counts I and IV (Doc. 11) filed by Defendant Barr Laboratories, Inc. ("Barr") and the response (Doc. 13) filed by the Plaintiff, Abdur Rashid ("Rashid").

**I.    Background**

According to the allegations of the Complaint (Doc. 1), Rashid worked for Barr in New Jersey for several years, conducting clinical drug trials. He uncovered a number of violations of U.S. Food and Drug Administration requirements in the conduct of these trials, and he reported them to his supervisors. In June 2006, he informed his supervisor that he would be leaving the company. On Rashid's last day, Barr accused him of theft of intellectual property, and he was arrested. In early 2008, he completed a pre-trial intervention program, and the charges against him were dismissed.

On August 25, 2008, he filed the instant complaint, asserting claims of intentional infliction of emotional distress (Count I), invasion of privacy (Count II), defamation (Count III),

and retaliatory discharge in violation of the Florida Whistle-Blower Act, Florida Statute Section 448.102 (Count IV).  Barr now seeks dismissal of counts I and IV.

## II.     Legal Standard

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto.  Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969).  In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed.R.Civ.P. 8(a)).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Id*. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."  *Sams v. United Food and Comm'l*

*Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).  However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

**III.     Analysis**

Barr contends that the law of New Jersey should be applied to this tort case, on the grounds that New Jersey has the most significant relationship to this dispute.  According to Barr, all of the individual parties to this case were residents of New Jersey at the time of the events at issue, and all of those events (and any resulting injury) occurred in that state.  Rashid disputes Barr's contentions only as to his own residence: He contends that Florida law should apply, as he has always been a domiciliary of Florida, even while working for Barr.  He states that he immediately returned to his home in Florida upon posting bond, and received his W-2 forms with his Merritt Island home address listed.

In determining which law applies, a federal court sitting in diversity must apply the choice of law rules of the forum state.  *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1115 (11th Cir.1996).  For torts, Florida resolves choice of law questions according to the test outlined in the Restatement (Second) of Conflict of Laws (the "Second Restatement").  *Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980).  Section 145(1) of the Second Restatement provides that the rights and liabilities of the parties with respect to an issue in tort "are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties" under the principles stated in Section 6

of the Second Restatement.[1]  Section 145(2) of the Second Restatement provides that the contacts to be taken into account in applying the principles of Section 6 include the place where the injury occurred; the place where the conduct causing the injury occurred; the domicil, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered.

Asssuming *arguendo* that Rashid was a Florida resident throughout his employment with Barr, the Court nonetheless finds that New Jersey has the most significant relationship with the acts and parties involved in the Complaint.  At least some of the alleged injury occurred there, all of the conduct at issue occurred there, most of the parties involved resided there or did business there, and the relationship between the parties was centered there.  Therefore, New Jersey law, not Florida law, governs this dispute.

This finding does not affect the result  as to Count I.  Under either Florida law or New Jersey law, the acts alleged in the Complaint – essentially, falsely claiming that Rashid was a thief

---

[1]Section 6 provides that
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

>   (a) the needs of the interstate and international systems,
>   (b) the relevant policies of the forum,
>   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>   (d) the protection of justified expectations,
>   (e) the basic policies underlying the particular field of law,
>   (f) certainty, predictability and uniformity of result, and
>   (g) ease in the determination and application of the law to be applied.

and having him arrested – are not sufficiently outrageous to support a claim for intentional infliction of emotional distress.  *See Tarr v. Ciasulli*, 853 A.2d 921, 924 (N.J. 2004) (emotional distress inflicted must be so severe that no reasonable person could be expected to endure it) *and see Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278-79 (Fla. 1985) (following Second Restatement, requiring conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.").  However, the application of New Jersey law is fatal to Count IV, which relies on the Florida Whistle-Blower statute.  *See Pastor v. Union Central Life Ins. Co.*, 184 F.Supp.2d 1301, 1308 (S.D.Fla. 2002) (dismissing claim brought pursuant to Florida statute where New Jersey law applied under choice of law rules).

    Accordingly, it is hereby

    **ORDERED** that the Motion to Dismiss Counts I and IV (Doc. 11) is **GRANTED**, and counts I and IV of the Complaint are hereby **DISMISSED**.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on December 19, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party