# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ABDUR RASHID,**
                **Plaintiff,**

**-vs-**                                              Case No. 6:08-cv-1468-Orl-31GJK

**BARR LABORATORIES, INC.,**
**CHARLIE DILIBERTI,**
**CHRISTINE MUNDKUR,**
                **Defendants.**

_____

## ORDER

This matter comes before the Court on the motions to dismiss (Doc. 12, 15) filed by defendants Christine Mundkur ("Mundkur") and Charlie Diliberti ("Diliberti"), respectively, and the responses (Doc. 14, 16) filed by the Plaintiff, Abdur Rashid ("Rashid"). Both Defendants argue that the Court lacks *in personam* jurisdiction over them. They assert that they are residents of New Jersey who have not engaged in activities (such as conducting business in this state) that would bring them within Florida's long-arm statute or constitute the "minimum contacts" needed to satisfy the Due Process Clause. In response, Rashid argues that the Court possesses "supplemental jurisdiction" over the claims against Mundkur and Diliberti because the Court possesses original jurisdiction over his claims against the other Defendant, Barr Laboratories, Inc., and the claims against the individual defendants are "related to and indispensible to" those claims. The Plaintiff has obviously confused the concepts of *in personam* jurisdiction and subject matter jurisdiction. To the extent this "supplemental jurisdiction" argument might have any merit, it is

not relevant to the question of whether the Court may exercise *in personam* jurisdiction over these defendants. Accordingly, it is hereby

**ORDERED** that the motions to dismiss (Doc. 12, 15) are **GRANTED**, and the claims against Defendants Christine Mundkur and Charlie Diliberti are **DISMISSED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 19, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party